UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SARA CHRISTENSEN
2345 East 11th Street
Fond du Lac, WI 54935

       Plaintiff,

  vs.

Case No.   13-cv-1040

SECURA INSURANCE COMPANIES
WELFARE BENEFIT PLAN
2401 South Memorial Drive
Appleton, WI 54915

and

STANDARD INSURANCE COMPANY
Registered Agent:
CT CORPORATION SYSTEM
8040 Excelsior Drive
Suite 200
Madison, WI 53717

       Defendants.

## COMPLAINT

The Plaintiff, Sara Christensen, by her attorneys, Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

### PARTIES

1.    Plaintiff is an adult resident of the State of Wisconsin and currently resides in Fond du Lac, Wisconsin.

2. Defendant, Secura Insurance Companies Welfare Benefit Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

3. Defendant, Standard Insurance Company ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Oregon, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to enforce the provisions of the Plan pursuant to ERISA §502(a)(3).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTS

8. Plaintiff was employed by Secura Insurance Companies ("Employer") from July 2010 until May 23, 2012, at which time Plaintiff could longer perform the duties of Plaintiff's occupation due to her disabling condition.

9. During the course of Plaintiff's employment with Employer, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

10. The Plan purports to provide financial protection for eligible employees who become disabled, by paying said disabled employees a percentage of their pre-disability monthly earnings - $2,440.36 per month in Plaintiff's case.

11. The Plan defines "Disabled" as follows:

> You are Disabled if you meet one of the following definitions during the period it applies:
>
> A. Own Occupation Definition of Disability;
> B. Any Occupation Definition of Disability; or
> C. The Partial Disability Definition that applies to you.
>
> Own Occupation means any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as your regular and ordinary employment with the Employer. Your Own Occupation is not limited to your job with your Employer.
>
> Material Duties means the essential tasks, functions and operations; and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation.
>
> A. Own Occupation Definition Of Disability
>
> During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from your Own Occupation.
>
> You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of your Own Occupation.
>
> Note: You are not Disabled merely because your right to perform your Own Occupation is restricted, including a

restriction or loss of license, or because you suffer a loss of Predisability Earnings as a result of disclosure of any Physical Disease, Injury, Pregnancy or Mental Disorder.

B.  Any Occupation Definition Of Disability

During the Any Occupation Period you are required to be Disabled from all occupations.

You are Disabled from all occupations if, as a result of Physical Disease, injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of any gainful occupation for which you are reasonably fitted by education, training and experience.

C.  Partial Disability Definition

Definition 1:
During the Benefit Waiting Period and the Own Occupation Period, you are Partially Disabled when you work in your Own Occupation but, as a result of Physical Disease, lnjury, Pregnancy or Mental Disorder, you are unable to earn the Own Occupation Income Level or more.

Note: You may work in another occupation while you meet the Own Occupation Definition of Disability. However, you will no longer be Disabled when you are able to earn more than your Work Earnings Limit while working in another occupation.

Definition 2:
a.  During the Benefit Waiting Period and the Own Occupation Period, you are Partially Disabled when you work in your Own Occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to earn the Own Occupation Income Level or more.

b.  During the Any Occupation Period, you are Partially Disabled when you work in an occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to earn the Any Occupation Income Level, or more, in that occupation and

>       in all other occupations for which you are reasonably fitted under the Any Occupation Definition of Disability.
>
>       Note: You may work in another occupation while you meet the Own Occupation Definition of Disability. If you are Disabled from your Own Occupation, there is no limit on your Work Earnings in another occupation.
>
>       Your Work Earnings may be Deductible Income.
>
>       Your Any Occupation Period, Any Occupation Income Level, Own Occupation Period, Own Occupation Income Level and the Work Earnings Limit are shown in the Coverage Features.

12.     Defendants have denied Plaintiff's LTDI benefits claim in its entirety – from November 20, 2012 and ongoing. The basis for Defendants' denial of Plaintiff's LTDI benefits claim was stated in Defendants' letters.

13.     Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

14.     Plaintiff submitted complete medical documentation in support of her disability as part of the appeal.

15.     Plaintiff submitted all information requested by the Insurance Company.

16.     Defendants failed to consider the issues raised in Plaintiff's administrative appeals.

17.     Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

18.     Defendants did not afford Plaintiff a reasonable opportunity for a "full and fair review" of Plaintiff's claim.

19. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect her claim and an explanation of why that material was necessary.

20. Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

21. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

22. Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

23. Defendants conducted a selective review of Plaintiff's medical records.

24. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

25. At all times material to this case, the Plan has remained in full force and effect.

26. Defendants' denial of LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

27. The preceding paragraphs are reincorporated by reference as though set forth here in full.

28. From November 20, 2012 – May 28, 2013, Plaintiff has been disabled, as that term is defined by the Plan.

29. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

30. Further, Defendants failed to decide Plaintiff's appeal within 90 days. As such, Defendants' denial shall not receive deferential review.

31. Defendants wrongfully denied LTDI benefits due to Plaintiff as of November 20, 2012.

32. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits

33. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

34. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

35. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

36. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

37. For these and other reasons, Defendants acted in violation of Section 502(a)(1)(B) of ERISA, when it wrongfully denied Plaintiff's claim for LTDI benefits.

7
Case 1:13-cv-01040-WCG   Filed 09/13/13   Page 7 of 8   Document 1

**WHEREFORE** the Plaintiff, Sara Christensen, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. Prejudgment interest;

C. Reasonable attorney's fees and costs related to the action; and

D. Such other and further relief that the Court deems just and equitable.

Dated: September 13, 2013

**HAWKS QUINDEL, S.C.**

By: */s/ William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Danielle M. Schroder, State Bar No. 1079870
Email: dschroder@hq-law.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Sara Christensen